THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SARAH KUZNIEWSKI, an individual,

              Plaintiff,

    v.

SHARKNINJA OPERATING, LLC, a
Massachusetts Limited Liability Company,

              Defendant.
----------------------------------------------------------------

Civil Action No.   1:25-cv-04842

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **SARAH KUZNIEWSKI** ("Plaintiff"), by and through her attorneys, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **SHARKNINJA OPERATING, LLC** ("SharkNinja" or "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a "Ninja Professional 1500 Watt Blender System."

2. Defendant SharkNinja Operating, LLC manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the subject "Ninja Professional 1500W Blender System," which specifically includes the Model No. BL770AMZ ("subject blender" or "Ninja blender(s)") that is at issue in this case.

3. On or about July 13, 2023, Plaintiff suffered serious and substantial lacerations injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and unsafely packaged.

4. Specifically, as Plaintiff was unpacking the blender, she was cut by the blade assembly,

1

which was loose, uncovered, and unprotected within the box and its packaging.

5.      Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its blenders to consumers while improperly packaged, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the poorly and dangerously packaged blenders despite the risk of significant injuries to Plaintiff and consumers like her.

6.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF SARAH KUZNIEWSKI

7.      Plaintiff is a citizen and resident of the City of New York City, County of New York, State of New York, and is domiciled in the same. Plaintiff is therefore a resident and citizen of New York for purposes of diversity under 28 U.S.C. § 1332.

8.      On or about July 13, 2023, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and safely packaged. Specifically, as Plaintiff was unpacking the blender, she was cut by the blade assembly, which was loose, uncovered, and unprotected within the box and its packaging.

## DEFENDANT SHARKNINJA OPERATING, LLC

9.      Defendant, SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

10.     Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Needham, Massachusetts, whose sole member

is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## **JURISDICTION AND VENUE**

11.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiff is a resident and citizen of this district and all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

13.    Venue in this Court is also proper pursuant to 28 U.S.C. § 1391 in that the Defendant has sufficient minimum contacts with the State of New York and intentionally availed itself of the markets within New York through the promotion, sale, marketing, and distribution of its products.

## FACTUAL ALLEGATIONS

14.    Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

15.    Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

16.    The blade assembly packaging solely consists of a thin, plastic covering. There are no other safeguards – not even cardboard – that would prevent the consumer from being lacerated upon reaching into the blender's box or unpacking the blender.

17.    On July 13, 2023, Plaintiff went to unpack the subject blender, which had just been delivered to her home moments prior. However, as she was unpacking the blender, the blender's blade assembly, which was uncovered, unsecured, and unprotected within the box and its packaging, fell out and cut her right arm. As a result, Plaintiff sustained serious and substantial laceration injuries.

18.    Plaintiff ***attempted*** to use her Ninja blender for its intended purpose of preparing meals and drinks for herself and/or her family, and did so in a manner that was reasonable and foreseeable by SharkNinja

19.    However, the aforementioned Ninja blender was defectively and negligently designed and manufactured by Defendant in that its loose, unsecured blade assembly was improperly packaged.

20.    SharkNinja's blenders and blender packaging possess defects that make them unreasonably dangerous for their intended use by consumers.

21.    Economic, safer alternative designs were available that could have prevented the Ninja blender's blade from lacerating an unsuspecting consumer.

22.  SharkNinja knew or should have known that its Ninja blenders and their packaging possessed defects that pose a serious safety risk to Plaintiff and the public.  Nevertheless, SharkNinja continues to ignore and/or conceal its knowledge of theses defects from the public and continues to generate a substantial profit from the sale of the blenders.

23.  As a direct and proximate result of SharkNinja's concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries to Plaintiff.

24.  Consequently, the Plaintiff in this case seeks damages resulting from the use of SharkNinja's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

25.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

26.  At the time of Plaintiff's injuries, Defendant's Ninja blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27.  Defendant's Ninja blenders were in the same or substantially similar condition as when they left the possession of the Defendant.

28.  Plaintiff did not misuse or materially alter her Ninja blender.

29.  The Ninja blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

30. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Ninja blenders safe. Specifically:

    a. The Ninja blenders designed, manufactured, packaged, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential laceration injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, package, and sell the Ninja blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendants failed to adequately test the Ninja blenders; and

    e. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

31. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

**COUNT II**
**<u>NEGLIGENCE</u>**

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33. Defendant has a duty of reasonable care to design, manufacture, package, market, distribute, and sell non-defective Ninja blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

34.    Defendant failed to exercise ordinary care in the design, manufacture, distribution, advertising, promotion, packaging, sale and marketing of its Ninja blenders in that Defendant knew or should have known that said blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

35.    Defendant was negligent in the design, packaging, manufacture, advertising, warning, marketing and sale of its Ninja blenders in that, among other things, it:

   a.  Failed to use due care in designing, manufacturing, and packaging the Ninja blenders to avoid the aforementioned risks to individuals;

   b.  Failed to appropriately package the blade assembly so as to avoid the injuries described herein;

   c.  Failed to warn consumers of the blade assembly and its packaging, despite ample notice that the aforementioned injuries have and do occur;

   d.  Placed an unsafe product into the stream of commerce; and

   e.  Was otherwise careless or negligent.

   **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

36.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37.    Defendant manufactured, supplied and sold its Ninja blenders with an implied warranty that they were merchantable and safe for use.

38.    Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

39.     Defendant's Ninja blenders were not merchantable due to the unreasonable risks of bodily injury associated with their use.

40.     The Plaintiff in this case reasonably relied on Defendant's representations that its Ninja blenders were a quick, effective and safe means of blending.

41.     Defendant's breach of the implied warranty of merchantability was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages, to which she is entitled by law, as well as all costs of this action, interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a.  judgment for Plaintiff and against Defendant;

    b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Ninja blenders;

    c.  pre and post judgment interest at the lawful rate;

    d.  a trial by jury on all issues of the case;

    e.  punitive damages on applicable counts, according to proof;

    f.  an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

Date: <u>June 9, 2025</u>

*/s/ Randi Kassan, Esq.*
Randi Kassan, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
Rkassan@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
Anna R. Rick, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 /612-436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***

9