UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH KUZNIEWSKI,

                Plaintiff,

    v.

SHARKNINJA OPERATING LLC,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/9/2025

Civil Case No. 1:25-cv-04842-MKV

# [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Sarah Kuzniewski ("Plaintiff") and Defendant SharkNinja Operating LLC ("SharkNinja") hereby request the Court enter the following Stipulated Sharing and Non-sharing Protective Order ("Order"). Disclosure and discovery in this matter may involve production of confidential, commercial and/or proprietary documents and information. In order to preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced by SharkNinja or by any party in this action, it is hereby **STIPULATED** and **ORDERED** that:

    1.    Documents or information to be produced or provided by SharkNinja or any party in this litigation that contain confidential, commercially sensitive, private personal information and/or proprietary information may be designated as confidential by marking or placing the applicable notice "Subject to Non-Sharing Protective Order," "Subject to Protective Order," or "Confidential," or substantially similar language on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

2. As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise). Further, the terms shall have the full meaning ascribed to them by the Federal Rules of Civil Procedure.

3. Documents or information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," or "Confidential" or substantially similar language in accordance with the provisions of this Order ("Protected Documents" or "Protected Information") shall only be used, shown or disclosed as provided in this Order. However, nothing in this Order shall limit a party's use or disclosure of his or her own information designated as a Protected Document or Protected Information.

4. If a receiving party disagrees with the "Protected" designation of any document or information, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must confer within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5. Protected Documents and any copies thereof shall be maintained confidential by the persons authorized to receive the documents pursuant to paragraph 6 and shall be used only for prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Attorneys, paralegals and staff employed by Counsel of Record's firm and involved in the preparation and trial of this action;

    c. A vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case;

    d. Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of SharkNinja;

    e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, the witness was involved in the subject matter described therein or the witness is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure, which consent cannot be unreasonably withheld;

    f. The Court, the Court's staff, witnesses, and the jury in this case; and

g. Any mediator, special master or other third parties (collectively, "Mediators") appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff.

7. The receiving party must make reasonable efforts to ensure the individuals described in paragraphs 6(a)-(g) above are Qualified Persons.

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraph 6(d) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. The receiving party shall retain each such executed Written Assurance. Each such executed Written Assurance shall be submitted to counsel for SharkNinja upon order of the Court requiring production. However, for consulting experts who were not designated as testifying experts, the receiving party may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A.

9. As the Protected Documents may only be distributed to Qualified Persons, Qualified Persons may not post Protected Documents on any website or internet accessible document repository, excepting a vendor hosted review platform for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained SharkNinja's (or the producing party's) Protected Documents and confidential information.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions (including exhibits) or other pretrial testimony and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with, referring

to or referencing the Protected Documents or information. Designation of the portion of the transcript (including exhibits) which contains references to Protected Documents or information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft or final transcript (whichever is received earlier) of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Protected Documents. All portions of transcripts not designed as Confidential within the time frame provided herein shall be deemed not confidential.

      11.     If any party disagrees with the designation of all or part of a deposition transcript designated as "Protected" pursuant to Paragraph 10 above, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must confer within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the parties are unable to resolve the issue of confidentiality regarding the challenged deposition testimony, the designated deposition testimony at issue, and any related exhibits, will continue to be treated as a

Protected Document, in accord with its respective designation, pending determination by the Court as to the confidential status.

12. In the event that any receiving party desires that any Confidential materials be included with, or the contents thereof be in any way disclosed, in any hearing, pleading, motion or other paper filed with the Clerk of this Court, in connection with a motion or otherwise, documents, depositions or other discovery materials that have been marked "CONFIDENTIAL" or to file any document which quotes or substantially summarizes the substance of such Confidential material, shall do so by filing the documents or pleadings with the Clerk of the Court in redacted form. An un-redacted form of the filing shall be sent to the parties and the Judge's Chambers labeled "Confidential – Subject to Confidentiality Agreement" and put in an envelope marked "Confidential - Subject to Confidentiality Agreement". Any motion to seal or otherwise restrict access shall be filed by the party who marked the documents CONFIDENTIAL in accordance with Federal Rule of Civil Procedure 5.2. Confidential material shall not include any documents, depositions or other discovery materials which: (a) were determined by this Court to have been improperly designated as Confidential material under this Agreement; (b) have previously been filed in this case and are in the public Court file not under seal; or (c) are otherwise outside the protection of this Agreement.

13. To the extent SharkNinja (or the producing party) is requested to produce documents it has determined should not be subject to the sharing provision of this Order in paragraph 6(), SharkNinja (or the producing party) will designate such documents as "Non-Sharing."

14. With respect to Protected Documents designated as "Non-Sharing," upon the express request of the producing party, counsel for the parties who received Protected Documents,

including any documents that any such party disclosed to any person described in paragraph 6(b) or (c) shall securely destroy the Protected Documents within one hundred and twenty dates after such request is made.

15.     With respect to documents designated as "Sharing" or "Subject to Protective Order," Counsel for the parties shall not be required to return the Protected Documents to SharkNinja (or the producing party) after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

16.     Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

17.     The parties may disclose and produce responsive documents to each other in this litigation, and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection. As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

    a.     The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production within 14 days after its discovery of the same.

    b.     If the producing party notifies the receiving party within 14 days after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be

7

returned to the producing party or destroyed or deleted, on request of the producing party. The producing party will provide a privilege log providing information upon request or if required by the Federal Rules of Civil Procedure and applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

      c.     This Stipulation and Order does not preclude a Party from intentionally waiving any claims of privilege or protection.

      d.     The receiving party shall upon notice of the Identified Materials, (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the receiving party does not challenge the assertion, return, sequester, or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (iii) if the receiving party does not challenge the assertion, destroy or sequester any references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the producing party.

      e.     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

      f.     If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in

good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

  g. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed.

  h. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding.

  i. Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in this action that a producing party does not claw back within 7 calendar days of its use, ("Used Document") shall not be eligible for clawback of that document under this Stipulated Protective Order. Such ineligibility for clawback of that document under this Stipulated Protective Order shall not result in a subject matter waiver in any other state or federal proceeding. The producing party reserves its rights to utilize FRE 502(b) and the receiving party reserves its rights under FRE 502(b), including but not limited to establishing whether and to what extent a court order recognizing waiver of privilege under FRE 502(b) with respect to a document effects a subject matter waiver.

18. No provision of this Order shall constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. No provision of this stipulated order is intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

19. In the event that a party inadvertently produces a document without a confidentiality designation as permitted by this Order, the following procedures shall apply:

    a. The producing party shall, within fourteen (14) days of the discovery of the disclosure, notify the other party in writing. The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of the producing party. Within ten (10) days after such document is returned or its destruction certified, the producing party will produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

    b. If the receiving party disputes the producing party's claim of confidentiality, that party may move the Court to challenge the confidential designation in accordance with Paragraph 4 of this Order. If the receiving party elects to file such a motion, the receiving party may retain possession of the document, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the receiving party's motion is denied, the parties shall promptly comply with Paragraph 18(a) of this Order.

    c. The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

20. This Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

21. After termination of this litigation, the provisions of this Order shall continue to be binding.

22. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**SO STIPULATED:**

JOHNSON BECKER, PLLC

By: *Adam J. Kress* (with permission)
Adam J. Kress
Admitted *Pro Hac Vice*
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Phone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
*Attorneys for Plaintiff*

SHOOK, HARDY & BACON L.L.P.

By: *Joseph Angelo Iemma*
Joseph A. Iemma
1 Rockefeller Plaza, Suite 2801
New York, New York 10020
Phone: (212) 989-8844
Fax: (929) 501-5455
Email: jiemma@shb.com
*Attorneys for Defendant*

**IT IS SO ORDERED.**

Dated this <u>9th</u> day of <u>October</u>, 2025

*Mary Kay Vyskocil*
UNITED STATES DISTRICT COURT JUDGE

11

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *Sarah Kuzniewski v. SharkNinja Operating LLC*, No. 1:25-cv-04842-MKV, pending in the United States District Court for the Southern District of New York, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York, in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____
_____

Business Address: _____
_____

Date: _____   _____
Signature